*In re* ESTATE OF MARIE F. PALMER, Deceased (Neil F. Hartigan, Illinois Attorney General, Plaintiff-Appellant, *v.* Jane G. Palmer, Ex'r of the Estate of Marie F. Palmer, Defendant-Appellee).

Fourth District   No. 4—83—0053

Opinion filed January 23, 1984.—Rehearing denied March 2, 1984.

Neil F. Hartigan, Attorney General, of Springfield, *pro se* (Frederic D. Tannenbaum, Assistant Attorney General, of counsel), for appellant.

William L. Hatch and Jeffrey L. Fehrenbacher, both of Hatch, Blockman & McPheters, P.C., of Champaign, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Marie F. Palmer died December 5, 1980. In administering Mrs. Palmer's substantial estate, which comprised mainly farm land, her executor filed notice of her election to defer and pay in installments the eligible parts of both the Federal estate tax and the Illinois inheritance tax. Section 6166 of the Internal Revenue Code permitted estates consisting largely of closely held businesses, including farms, to defer for five years and then pay in 10 equal installments that part of the estate tax attributable to the family business. (26 U.S.C. sec. 6166 (Supp. V 1981).) In purporting to make that election for payment of the Illinois inheritance tax, the executor relied on section 3a of the Inheritance and Transfer Tax Law (Ill. Rev. Stat. 1981, ch. 120, par. 377a), which provided that an estate allowed to make the Federal election could do the same for payment of the inheritance tax.

The circuit court assessed an inheritance tax of $120,564.33; when

the estate failed to pay the full amount, the court issued a summons for payment of the balance remaining. Later, the court agreed with the executor and found that section 3a could be applied here, therefore allowing the estate to make the election.

Section 3a was added to the Inheritance and Transfer Tax Law by Public Act 81—1368; the second section of Public Act 81—1368 provided:

> " 'This amendatory Act of 1980 takes effect immediately upon becoming a law and is effective for estates of decedents dying after December 31, 1980.' " (Ill. Ann. Stat., ch. 120, par. 377a note (Smith-Hurd Supp. 1983).)

The legislature passed Public Act 81—1368 June 27, 1980, as Senate Bill 1497, and the Governor signed it into law August 7, 1980. The executor argues that the Act went into effect and became applicable on the day that the Governor signed it, notwithstanding the language of section 2 that the Act was to be "effective for estates of decedents dying after December 31, 1980." The Attorney General argues that that language operated to delay the application of the law to estates of decedents dying after the stated date. We conclude that section 3a may be applied only to estates of decedents dying after December 31, 1980.

The effective date of the Act was for the legislature to determine, either by its selection of a specific date for this particular act, or through its provision of a general uniform date governing bills that do not contain their own. (Ill. Const. 1970, art. IV, sec. 10.) The legislature did the former and provided that the Act would become effective immediately upon its becoming law but applied the Act only to the estates of decedents dying after December 31, 1980. All in all, the worst that can be said is that the expression of an effective date turned out to be unnecessary.

Public Act 81—1368 was passed by the legislature June 27, 1980, and was signed into law by the Governor August 7, 1980. This routine sequence—passage before July 1, followed by gubernatorial approval—is governed by section 1 of "An Act in relation to the effective date of laws" (Ill. Rev. Stat. 1981, ch. 1, par. 1201), which says:

> "(a) A bill passed prior to July 1 of a calendar year that does not provide for an effective date in the terms of the bill shall become effective on January 1 of the following year, or upon its becoming a law, whichever is later.
>
> (b) A bill passed prior to July 1 of a calendar year that does provide for an effective date in the terms of the bill shall become effective on that date if that date is the same as or subse-

quent to the date the bill becomes a law; provided that if the effective date provided in the terms of the bill is prior to the date the bill becomes a law then the date the bill becomes a law shall be the effective date."

Under section 1(a), Public Act 81—1368 would have gone into effect January 1, 1981, had it not contained the language making it effective immediately. In that event, the result urged here by the Attorney General would have been achieved simply: the Act would have taken effect January 1, 1981, by operation of law, and by its own terms it would have been available only to estates of decedents dying after December 31, 1980. Under section 1(b), however, the language making the Act effective when it became a law caused its effective date to coincide with the date the Governor signed it.

Although the date that a bill becomes law is not necessarily the date that it becomes effective (*City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 384 N.E.2d 310), in this case by the terms of the Act the two dates coincide. Public Act 81—1368 became a law and went into effect August 7, 1980. But the explicit limitation on its availability—to estates of decedents dying after December 31, 1980—unequivocally expresses the legislature's intent to delay or limit its application. Thus, the Act went into effect in August 1980 but by its own terms could not be used for estates of decedents dying before January 1, 1981. This interpretation preserves the legislature's clear choice of a limit on the Act's availability.

The executor points out that the provision pertaining to the effective date of the Act was changed several times before the bill was finally passed. Originally, Senate Bill 1497 provided that the Act was to take effect January 1, 1981, and limited its effect to estates of decedents dying after December 31, 1980. In amending the bill, the House of Representatives first provided simply that the Act was effective for estates of decedents dying after December 31, 1980, but later added the language in section 2 that was eventually passed by both Houses and is at issue here. The executor concludes from this eventual choice of an earlier effective date that the legislature intended to accelerate the effect and application of the Act.

Yet all those versions of the bill contained in one place or another the limitation to estates of decedents dying after December 31, 1980. Furthermore, the legislative debates on the bill show that the members believed that the Act would apply only to estates of decedents dying after December 31, 1980, and that they retained this belief throughout the various amendments to the language pertaining to the effective date of the bill.

We conclude that although Public Act 81—1368 took effect when the Governor signed it into law, it may be applied only to estates of decedents dying after December 31, 1980. Because Mrs. Palmer died before that date, her executor could not make the election provided by the Act for payment of the inheritance tax.

Reversed and remanded.

MILLS, P.J., and WEBBER, J., concur.